## Railroad Men's Building & Loan Association v. Altoona Trust Company

*E. H. Flick*, for plaintiff.
*Hare & Hare*, for defendant.

PATTERSON, P. J., July 22, 1936.—This is a suit in equity wherein the Railroad Men's Building and Loan Association of Altoona, the plaintiff, seeks to have this court enter a decree directing The Altoona Trust Company, the defendant, to furnish the plaintiff with a detailed statement showing moneys advanced and the indebtedness and credits existing between the said The Altoona Trust Company and one Emil L. Grannas during the year March 19, 1926, to March 19, 1927, with reference in particular to a collateral mortgage dated March 18, 1926, executed by Grannas to The Altoona Trust Company recorded in mortgage book, vol. 260, page 611, in the sum of $12,500, to secure the payment of "the balance on account current which shall be, from time to time, during the period of one (1) year from the date hereof, owing to the said The Altoona Trust Company, of Altoona, Pennsylvania, in respect of any bills, notes or drafts accepted, paid or discounted, or advances made to or for the use or accommodation of the obligor, together with interest at the rate of Six (6) per centum per annum".

It appears that said collateral mortgage covered eight different properties and was described as a second mortgage. One of the properties was described as being: "Lot Number Twelve and One-half (12½) in Block —, on Plan of Lots recorded in Plot Book Vol. 3, page 123, having thereon erected a One (1) story frame store room building".

On January 11, 1929, Grannas made application to the plaintiff building and loan association for a loan of 29 shares of stock, or $5,800, on a property described as:

"All that property and lot of ground fronting Thirty-four (34) feet on the South west side of Fifth Street between 19th and 20th Avenues, Altoona City, Blair County, Pennsylvania and extending back One Hundred thirteen (113) feet more or less to an alley. Being Lot No. 12½ Block — as shown on the corrected plot of Geesey & Meyers, recorded in Plot Book 3, Page 123 on March 1, 1917."

The fact that the description of The Altoona Trust Company mortgage called for a "Lot Number Twelve and One-half (12½) in Block —, . . . having thereon erected a One (1) story frame store room building", and the building and loan mortgage described the property as "All that property and lot of ground fronting Thirty-four (34) feet on the South west side of Fifth Street between 19th and 20th Avenues, Altoona City, Blair County, Pennsylvania and extending back One Hundred thirteen (113) feet more or less to an alley, Being Lot No. 12½ Block — as shown on the corrected plot of Geesey & Meyers, recorded in Plot Book 3, page 123," was misleading, so the bill avers, and as a result the plaintiff building and loan association became the owner of a second mortgage instead of what it believed to be a first mortgage on the property in question.

In May 1932, Grannas defaulted in making his payments of dues and interest on the building and loan mortgage, and a writ of fi. fa. was issued upon the bond accompanying said mortgage and the property was advertised for sale by the sheriff. Counsel for the trust company and the solicitor for the building and loan association agreed that there was some misunderstanding of the description of the property, and the sale was stayed so that the matter might be inquired into and adjusted. Negotiations having failed, the trust company later confessed judgment on

the bond accompanying its collateral mortgage for the full amount of $12,500, and at the sheriff's sale the property was sold to the trust company for the sum of $42. The solicitor for the plaintiff appeared at the sheriff's sale and gave notice to all bidders that The Altoona Trust Company had no equity in the two-and-one-half story brick dwelling and improvements erected on the property, and that the same were paid for with money of the building and loan association with the knowledge of the said trust company. At the time of the foreclosure proceedings there was no statement showing indebtedness, if any, incurred by Grannas to the trust company during the year from March 19, 1926, to March 19, 1927, as provided in the mortgage.

Since the collateral mortgage was not given to secure a debt at the time of its execution, but only such debt as might be incurred for the period of one year from the date thereof, as specifically provided in said mortgage, we are of opinion that the building and loan association is entitled to know what the actual indebtedness of Grannas was to the trust company at the time of the foreclosure proceeding and for the full interim period from the date of the execution of the mortgage to the date of the sheriff's sale. While it is true that the original mortgagee is entitled to the benefit of an enhanced value of the mortgaged property as a result of new buildings being erected, it seems that it is only fair and equitable to allow the building and loan association an opportunity to determine whether or not there was a lawful indebtedness incurred or if any balance was due and owing at the time of the foreclosure proceeding and the sale.

The plaintiff is an interested party. The plaintiff's cash money in the sum of $5,800 was expended in erecting the two-and-one-half story brick dwelling house now standing on the premises in question. It may be that under the law the trust company, upon final determination of this case, will be permitted to benefit at the plaintiff's expense to the extent of $5,800, but before we can

arrive at that conclusion it seems only right and proper that a financial statement, such as prayed for in the bill, be forthwith produced and delivered to the plaintiff association.

Counsel for the defendant trust company, in their brief submitted, contend "that the facts averred in the bill show that the matters and things sought by the plaintiff may be procured in a common-law action either by a subpœna duces tecum or by a rule for the production of papers"; with this contention we agree. And since our decree, dated November 24, 1934, overruled the preliminary objections and held that a court of equity had jurisdiction, we see no reason why the production of the information desired cannot be called for in this proceeding.

It is, therefore, ordered, adjudged and decreed that The Altoona Trust Company be required, within 30 days from the date hereof, to furnish the plaintiff with an itemized statement of all indebtedness due and owing The Altoona Trust Company from E. L. Grannas on March 19, 1926, and the amount of indebtedness incurred, and payments made thereon, during the period from March 19, 1926, to March 19, 1927, and thereafter to the date of the sheriff's sale, to wit, January 6, 1933.

From Robert W. Smith, Hollidaysburg.